# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA SCOTT,<br><br>        Plaintiff,<br><br>    v.<br><br>ARDAGH GLASS INC., et al.,<br><br>        Defendants. | Case No. 1:22-cv-00754-SAB<br><br>ORDER ENTERING STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 19) |

### STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between Karla Scott ("Plaintiff") and Ardagh Glass Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations due to federal laws, state laws, and privacy rights, the Parties stipulate as set forth below.  The Parties acknowledge and understand that this Protective Order does not confer blanket protection on all disclosures or responses to discovery, that the protection it affords from public disclosures and use extends only to limited information or items that are entitled to confidential treatment under the applicable legal principles, and that it

1  does not presumptively entitle parties to file confidential information under seal.

2  **I.    STATEMENT OF GOOD CAUSE**

3         This lawsuit is a retaliation, wrongful termination, and defamation action arising from
4  Plaintiff's former employment with Defendant.  In light of the nature of the discovery sought in
5  the case and the Parties' representations that discovery in this case will involve production of
6  confidential information which could lead to potential disputes regarding production of said
7  information, the Parties believe that a protective order is justified in this matter to help expedite
8  exchange of information and facilitate prompt resolution of any potential disputes regarding
9  confidentiality.  In connection with discovery, Plaintiff has sought and may continue to seek
10 information and/or documents containing confidential information, including third-party
11 information protected by privacy laws such as personal and contact information of current and
12 former employees of Defendant, and proprietary business policies, procedures, and job
13 descriptions.  The Parties recognize that employers such as Defendant are obligated to maintain
14 the right of privacy guaranteed by the California Constitution, which protects employees'
15 personal information from improper disclosure to third parties.  *See Board of Trustees v. Superior*
16 *Courts*, 119 Cal. App. 3d 516 (1981).  The Parties desire to protect the confidentiality, use, and
17 dissemination of such information, agree that good cause exists for this Protective Order, and
18 agree that such an order is in the best interest of both parties.  The Parties shall not designate any
19 information/documents as confidential without any good faith belief that such
20 information/documents have been maintained in a confidential, non-public manner.

21 **II.   TERMS OF STIPULATED PROTECTIVE ORDER**

22        1.    Definitions:

23              (a)   "Confidential" means information which is in the possession of a
24 Designating Party that is entitled to confidential treatment under Federal Rule of Civil Procedure
25 26(c), and as specified above in the Statement of Good Cause.  This includes third-party
26 information protected by privacy laws such as the identities and personal contact information of
27 current and former employees of Defendant, personnel records, payroll records and/or

28

timekeeping records of current and former employees of Defendant, and proprietary business policies, procedures, and job descriptions of Defendant.

(b)     "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Protective Order.

(c)     "Court" means any judge to whom this Proceeding may be assigned, including the Honorable Stanley A. Boone, as well as Court staff participating in such proceedings.

(d)     "Designating Party" means the Party that designates Materials as "Confidential."

(e)     "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

(f)     "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, and Federal Rules of Evidence, Rule 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

(g)     "Information" means the content of Documents or Testimony.

(h)     "Party" and "Parties" means the named party(s) in the Proceeding.

(i)     "Proceeding" means the above-entitled proceeding (Case No. 1:22-cv-00754-SAB).

(j)     "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2.     The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under Federal Rule of Civil Procedure 26(c).

3.     The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the

attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4.      Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced.  The designation should not obscure or interfere with the legibility of the designated Information.

(a)      For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

(b)      For Testimony given in depositions the Designating Party may either:

(i)      identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential"; or

(ii)      designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the duty to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript.   In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

(c)      For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the media (*i.e.*, Disc, Tape, Drive) which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Patty, to the extent practicable, shall identify the "Confidential" portions.

5.      In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that

inadvertently produced the document shall give written notice of such inadvertent production within ten (10) calendar days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" and the basis for such designation pursuant to Fed. R. Civ. P. 26(b)(5)(B).   The Party receiving Documents, Testimony or Information that were inadvertently produced without the "Confidential" designation is to comply with the obligations as set forth in Fed. R. Civ. P. 26(b)(5)(B).

6.     In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) calendar days from receipt of the written, Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion").  Any motion challenging a designation shall be made in strict compliance with Local Rule 251 (including the Joint Statement re Discovery Disagreement requirement).  Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place.  The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation.  In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7.     Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

(a)     the Court;

5

1 (b) attorneys of record in the Proceedings and their affiliated attorneys,

2 paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in

3 the Proceedings and are not employees of any Party;

4 (c) in-house counsel to the undersigned Parties and the paralegal, clerical and

5 secretarial staff employed by such counsel, provided, however, that each non-lawyer given access

6 to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to,

7 and are subject to, the terms of this Protective Order and that they may not be Disclosed other

8 than pursuant to its terms;

9 (d) the named Plaintiff;

10 (e) those officers, directors, partners, members, employees and agents of all

11 non-designating Parties that counsel for such Parties deems necessary to aid counsel in the

12 prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of

13 Confidential Materials to any such officer, director, partner, member, employee or agent, counsel

14 for the Party making the Disclosure shall deliver a copy of this Protective Order to such person,

15 shall explain that such person is bound to follow the terms of such Order, and shall secure the

16 signature of such person on a statement in the form attached hereto as Exhibit A;

17 (f) court reporters in this Proceeding (whether at depositions, hearings, or any

18 other proceeding);

19 (g) any deposition, trial or hearing witness in the Proceeding who previously

20 has had access to the Confidential Materials, or who is currently or was previously an officer,

21 director, partner, member, employee or agent of an entity that has had access to the Confidential

22 Materials;

23 (h) any deposition, trial or  hearing witness in the Proceeding who previously

24 did not have access to the Confidential Materials; provided, however, that each such witness

25 given access to Confidential Materials shall be advised that such Materials are being Disclosed

26 pursuant to, and are subject to, the terms of this Protective Order and that they may not be

27 Disclosed other than pursuant to its terms;

28

(i)      mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

(j)      outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

(k)      any other person that the Designating Party agrees to in writing; and

(l)      the mediator agreed to by the Parties.

8.      Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, prosecuting and/or defending the Proceeding, and/or for any efforts in connection with mediation or resolution of the Proceeding, and not for any business or other purpose whatsoever.  This Protective Order is expressly intended to comply with Rule 1-500(A) of the California Rules of Professional Conduct.

9.      Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

10.      Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

(a) operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

(b) prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

(i) to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Protective Order; or

(ii) to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material or Information.

11. Any party to the Proceeding who has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Protective Order.

12. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-Party witness to the authority of the Court in the Proceeding to resolve and such designation, or any other matter otherwise arising under this Protective Order.

13. If any person subject to this Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or

1   limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to

2   obtain confidential treatment of such Confidential Materials from the subpoenaing person or

3   entity to the fullest extent available under law.  The recipient of the Subpoena may not produce

4   any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified

5   for production on the Subpoena, unless the recipient has obtained the Designating Party's

6   permission, or unless otherwise required by law or by the court.  However, nothing contained in

7   this Protective Order is intended or should be construed as authorizing a party in this action to

8   disobey a lawful subpoena issued in another action.

9        14.    Nothing in this Protective Order shall be construed to preclude any Party from

10  asserting in good faith that certain Confidential Materials require additional protection.  The

11  Parties shall meet and confer to agree upon the terms of such additional protection.

12       15.    If, after execution of this Protective Order, any Confidential Materials submitted

13  by a Designating Party under the terms of this Protective Order are Disclosed by a non-

14  Designating Party to any person other than in the manner authorized by this Protective Order, the

15  non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the

16  Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

17       16.    This Protective Order is entered into without prejudice to the right of any Party to

18  knowingly waive the applicability of this Protective Order to any Confidential Materials

19  designated by that Party.  If the Designating Party uses Confidential Materials in a non-

20  Confidential manner, then the Confidential designation no longer applies.

21       17.    A Party that seeks to file under seal any Confidential Material must comply with

22  Local Rule 141.  In accordance with Local Rule 141, if any papers to be filed with the Court

23  contain information and/or documents that have been designated as "Confidential," the proposed

24  filing shall be accompanied by an application to file the papers or the portion thereof containing

25  the designated information or documents (if such portion is segregable) under seal; and the

26  application shall be directed to the judge to whom the papers are directed.  For motions, the

27  parties shall publicly file a redacted version of the motion and supporting papers.  Before filing a

28  Document under seal, the Parties will provide notice of their intent to file a Confidential

Document, so that the Parties can meet and confer on whether the Document should be filed under seal.

18.     The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

19.     Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

20.     This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a person subject to the Protective Order may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order.  To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after the Proceeding is terminated.

21.     Upon written request made within thirty (30) calendar days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) calendar days to destroy all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court).  To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

22.     After this Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry.  Counsel agrees to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Protective Order.

23.     The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Protective Order, or in the event that the Court enters a different

protective order, the Parties agree to be bound by this Protective Order until such time as the Court may enter such a different Order.  It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

24.     The Court may modify the Protective Order in the interests of justice or for public policy reasons.

This Protective Order may be executed in counterparts.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT A</u>**

**CERTIFICATION REGARDING CONFIDENTIAL**

**DISCOVERY MATERIALS**

I hereby acknowledge that I, [NAME], [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding *Karla Scott v. Ardagh Glass Inc.*, Case No. 1:22-CV-00754-SAB.  I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding.  I have been given a copy of the Protective Order, I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Protective Order, including any notes or other records that may be made regarding any such Materials, shall not be Disclosed to anyone except as expressly permitted by the Protective Order.  I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials and/or destroyed.

I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of California with respect to enforcement of this Protective Order.

///

///

///

I understand that violation of this Protective Order may subject me to sanctions for contempt of court.


I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this _ day of _____, 2023, at, _____ _____, California.


Dated: _____

                                    BY:   _____
                                                        Signature

                                          _____
                                                        Title

                                          _____
                                                        Address

                                          _____
                                                    Telephone Number

///
///
///
///
///
///
///
///
///
///

13

1

**COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER**

2       Pursuant to the stipulation of the parties and good cause appearing, IT IS HEREBY

3   ORDERED that:

4       1.      The above stipulated protective order is ENTERED;

5       2.      The provisions of the parties' stipulation and this protective order shall remain in

6               effect until further order of the Court;

7       3.      The parties are advised that pursuant to the Local Rules of the United States

8               District Court, Eastern District of California, any documents which are to be filed

9               under seal will require a written request which complies with Local Rule 141;

10      4.      The party making a request to file documents under seal shall be required to show

11              either good cause or compelling reasons to seal the documents, depending on the

12              type of filing, Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th Cir.

13              2009); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir.

14              2016); and

15      5.      If a party's request to file Protected Material under seal is denied by the Court,

16              then the previously filed material shall be immediately accepted by the court and

17              become information in the public record and the information will be deemed filed

18              as of the date that the request to file the Protected Information under seal was

19              made.

20

21   IT IS SO ORDERED.

22   Dated:   **July 17, 2023**

                                              UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28